

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOEL FORMAN and RAYNA FORMAN (as Nominee), | ) ) ) ) |
| Plaintiffs, | ) No. 03 C 7394 ) |
| v. | ) Wayne R. Andersen ) District Judge |
| UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

The plaintiffs in this case, Joel and Rayna Forman, filed a complaint on October 20, 2003 asking for judicial review of an adverse tax decision made by the defendant Internal Revenue Service ("IRS") Office of Appeals. The defendant filed a motion to dismiss the complaint for lack of jurisdiction, which was fully briefed as of October 1, 2004. Subsequently, the plaintiffs sought to amend their complaint on October 15, 2004, and later filed a motion for leave to file a second amended complaint on November 12, 2004. Count I of the plaintiffs' second amended complaint restates the original civil action, asking for judicial review of the Office of Appeals' adverse tax decision. Count II is a new action brought by Rayna Forman to quiet title to the property at issue in this case.

This Court grants plaintiffs' motion for leave to file the second amended complaint. For

the reasons stated below, however, the Court dismisses Count I of the second amended complaint after careful consideration of the briefs that were filed on the defendant's motion to dismiss the original complaint. Count II is not dismissed and Rayna Forman, acting on her own behalf, may adjudicate her claimed interest in the property that is subject to a Notice of Federal Tax Lien.

## BACKGROUND

On October 23, 2000, the IRS filed a Notice of Federal Tax Lien providing notice that its federal tax lien against Joel Forman attached to property held in the name of his wife, Rayna Forman, as his nominee. The property at issue is the couple's personal residence, located in Deerfield, Illinois. The tax lien identified on the Notice is for wagering excise taxes owed by Mr. Forman, which he was required to report on IRS Form 730 "Tax on Wagering" and IRS Form 11-C "Stamp Tax and Registration Return for Wagering."

On October 26, 2000, the IRS sent to Joel Forman a "Notice of Federal Tax Lien Filing and Your Rights to a Hearing under IRC 6320." On November 20, 2000, the IRS received Mr. Forman's request for a collection due process hearing, which specifically identified the Form 730 and Form 11-C wagering taxes at issue. Mr. Forman received a hearing on July 16, 2002 during which he did not challenge the assessment of the wagering taxes, nor the amount of his tax liability. He only argued against the designation of Rayna Forman as nominee and, therefore, that the tax lien should not attach to the couple's residence – property that is held solely in Rayna Forman name.

On September 18, 2003, the IRS Office of Appeals in Chicago, Illinois issued a "Notice of Determination Concerning Collection Actions Under Section 6320 and/or Section 6330," finding that "the determination in Appeals is that the Nominee Lien was properly and correctly

filed by Area 7 Compliance and that the filing of the Nominee Lien is fully sustained in Appeals." (Ex. 5, Def. Statement of Material Facts.)

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiffs. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is proper only when it appears beyond a doubt that plaintiff can prove no set of facts to support the allegations in the claim. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). The purpose of a motion to dismiss is not to decide the merits of the challenged claims, but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, n.1 (7th Cir. 1996).

## DISCUSSION

Count I of the plaintiffs' second amended complaint asks for judicial review of the IRS Office of Appeal's decision to sustain the filing of the nominee lien. This Court dismisses Count I because each plaintiff is precluded from seeking judicial review on this issue.

### I. Rayna Forman Cannot Avail Herself of 26 U.S.C. § 6330(d)(1) Because She Is Not the Taxpayer

The statute providing authority to place a lien on taxpayer property instructs the Court regarding who may seek judicial review of an adverse appeal determination. Under the levy statute, 26 U.S.C. § 6321, "*[i]f any person liable to pay any tax* neglects or refuses to pay . . . the amount [owed] shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person" (emphasis added). In Count I, Rayna Forman is purportedly exercising her right to judicial review under the statute. 26 U.S.C. § 6330(d)(1)

("[T]he person may, within 30 days of a determination under this section, appeal such determination . . . to a district court of the United States."). The right to judicial review set forth in § 6330(d)(1), however, extends only to the "person liable to pay any tax," (i.e., the taxpayer) defined in § 6321. Because Rayna Forman is not liable for the taxes owed (the lien was filed naming her only as nominee of Joel Forman), she cannot avail herself of the § 6330(d)(1) right to judicial review of the appeal decision. Thus, Rayna Forman's Count I claim must be dismissed.

## II. The Court Lacks Jurisdiction Over Joel Forman Because He Has No Standing to Contest the Filing of a Notice of Federal Tax Lien Naming Rayna Forman

The essence of Mr. Forman's lawsuit is that he does not have an interest in the property held in his wife's name, and therefore, her property cannot be used to satisfy his tax liability. He states in the complaint that he "transferred his interest in the residence to plaintiff Rayna Forman on July 11, 1990, because he began the risky venture of trading on the Mercantile Exchange." (Pl. Compl. ¶ 12.) Because Mr. Forman cannot be legally injured but can only benefit from the taking of property in Rayna Forman's name to satisfy his tax liability, he lacks standing to challenge the IRS's Notice of Federal Tax Lien against what he maintains is her property.

The standing doctrine is grounded in the case-or-controversy requirement of Article III of the Constitution. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The "irreducible constitutional minimum of standing" consists, in part, on the requirement that the plaintiff must have "suffered or is threatened by injury in fact to a cognizable interest," which must be "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Having disclaimed any interest in the property, Mr. Forman cannot now point to having

suffered a legal injury by the filing of a nominee Notice of Federal Tax Lien naming Rayna Forman. If Mr. Forman insists that he has no interest in the property, as he does, then he cannot assert that he is legally injured by the lien. Therefore, Mr. Forman lacks standing to appeal the naming of Rayna Forman as nominee, and this Court lacks jurisdiction to hear the action brought by him.

## CONCLUSION

The plaintiffs' motion for leave to file a second amended complaint [17-1] is granted. Count I of the second amended complaint, however, is dismissed. Count II of the complaint, Rayna Forman's action to quiet title, remains. The defendants' motion to dismiss the original complaint [8-1] is denied as moot. This case is referred to Judge Arlander Keys for discovery supervision on Count II.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 3, 2005